## Commonwealth v. Centre Oil and Gas Company.

*John G. Love*, District Attorney, for Commonwealth.
*Ivan Walker* and *N. B. Spangler*, for defendant.

FLEMING, P. J., Jan. 27, 1930.—This matter arises from an alleged violation of section 1016 of the Motor Vehicle Code, approved May 1, 1929, P. L. 905, 981, which provides as follows:

"Section 1016. Vehicles Must Stop At Certain Through Highways—It shall be unlawful for the driver or operator of any vehicle, street car or trackless trolley omnibus, before entering a through highway, to fail to come to a full stop, within a reasonable distance before entering the intersection on such through highway, when "Thru Traffic Stop" sign has been erected in accordance with the provisions of section one thousand one hundred and twelve of this act."

Counsel for the defendant has moved the dismissal of the case on the grounds that defendant is a corporation, owner of the vehicle alleged to have failed to stop as aforesaid, and that the act specifically makes the driver or operator solely liable for a violation of this section.

With this contention we fully agree. The statute is wholly penal in its nature and the rule of strict construction must apply. The section specifically makes the "driver or operator" liable. The defendant is a corporation—an artificial being—incapable of becoming a "driver or operator" of a motor vehicle. That it is the owner and responsible, under some facts, for the actions of its drivers and operators is not material. Had the Legislature intended to hold the owner liable for the violations of the drivers or operators, it would have said so.

And now, Jan. 27, 1930, the motion of the defendant is allowed and the cause dismissed. County of Centre to pay the costs.

From S. D. Gettig, Bellefonte, Pa.